# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CHARLOTTE GORDON, | |
| Plaintiff, | CIVIL ACTION FILE NO. |
| v. | |
| EMORY HEALTHCARE, INC., | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

COMES NOW Plaintiff, Charlotte Gordon, by and through undersigned counsel, The Kirby G. Smith Law Firm, LLC, and hereby files this Complaint against Emory Healthcare, Inc. (hereinafter referred to as "Defendant"), and states as follows:

### I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over Counts I and II of this Complaint, which arises out of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq. ("Title VII").

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over Counts III and IV of this Complaint, which arises out of the Civil Rights Act of 1866, 42 U.S.C. § 1981 et seq. ("1981").

3. Plaintiff exhausted all administrative remedies in this matter. *Dismissal and Notice of Rights*, Ex. 1.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II. PARTIES

5. Plaintiff is a citizen of the United States and a resident of DeKalb County, Georgia.

6. Defendant Emory Healthcare, Incorporated is a Domestic Nonprofit Corporation doing business in the state of Georgia, with a principal office located at 201 Dowman Drive NE, Atlanta, Georgia 30322.

7. Defendant may be served by delivering a copy of the Complaint and Summons to its Registered Agent, Amy Adelman, 201 Dowman Drive, 312 Administrative Building, Atlanta, Georgia 30322.

8. This Court has jurisdiction over the parties because a substantial portion of the employment practices described herein were committed within the Atlanta Division of the Northern District of Georgia.

9. Defendants are subject to the requirements of the laws enumerated in the Jurisdiction and Venue section of this Complaint.

## III. FACTUAL ALLEGATIONS

10. Plaintiff is African American.

11.     Plaintiff was employed by Defendant from October 28, 2019, until her termination on September 25, 2020.

12.     During all time periods relevant to this Complaint, Plaintiff held the position of Shift Nurse Manager.

13.     Plaintiff initially reported directly to Ms. Kimberly Stump-Sutliff, Unit Director, until approximately May 20, 2020.

14.     Ms. Stump-Sutliff is Caucasian.

15.     Plaintiff began reporting to Ms. Pauline Chandler, Unit Director, on or about May 20, 2020.

16.     Ms. Chandler is Caucasian.

17.     In early June 2020, Plaintiff reported to Medical Director, Dr. Stephen Szabo, concerns of racial discrimination by Ms. Chandler, including consistently siding with only Caucasian employees.

18.     Dr. Szabo is Caucasian.

19.     Dr. Szabo dismissed Plaintiff's report as communication issues.

20.     Plaintiff contemporaneously requested a meeting with Ms. Angela Fountain Williams, Human Resources, to report concerns pertaining to lab order entries for chemotherapy and other patient care.

21.     Plaintiff met with Katherine Wright, Clinic Operations Manager, on or about

June 11, 2020, to discuss the ongoing lab order issues and her race discrimination complaints.

22. Ms. Chandler's discriminatory treatment of African American employees, including Plaintiff, continued.

23. On July 20, 2020, Plaintiff reported the order issues, race discrimination, and perceived retaliation to Mr. Jon Lewin, Chief Executive Officer.

24. Plaintiff did not receive a response from Mr. Lewin.

25. On August 6, 2020, Plaintiff met with Ms. Lana Uhrig, Vice President of Nursing Services, Ms. Jen Schuk, Assistant Administrator, Ms. Chandler, and Ms. Wright to discuss Plaintiff's reported racial discrimination and lab order entry concerns.

26. Plaintiff was unable to properly address her discrimination concerns with her harrasser, Ms. Chandler, present.

27. Ms. Uhrig thanked Plaintiff for her insight and contributions to the meeting.

28. Plaintiff was informed that an independent investigation would be held by Ms. Fountain.

29. Ms. Fountain's investigation concluded on or about September 8, 2020.

30. Ms. Fountain's investigation found that employees reported issues with lab order entry, a need for help from Ms. Chandler, and a sense of bias fostered by Ms.

Chandler.

31. On September 9, 2020, Plaintiff was informed that a formal investigation had been opened pertaining to errors in lab order entries.

32. The following day, Plaintiff became aware that she was the only Nurse subjected to this investigation.

33. On September 24, 2020, Plaintiff was terminated for errors or omissions entering lab orders.

34. Plaintiff previously reported the purported errors in orders and concerns pertaining to Defendant's processing of orders and proper education.

35. Plaintiff was not afforded the opportunity to respond to Defendant's allegations.

36. Upon information and belief, non-African American employees were not similarly investigated, disciplined, or reprimanded concerning order-related errors, including Ms. Alexandria Blalock (Caucasian).

37. Plaintiff had not been advised of any performance issues prior to her June 2020 complaint to management about racial discrimination.

38. Plaintiff filed claims with the Equal Employment Opportunity Commission ("EEOC") on November 13, 2020.

39. Plaintiff received her Dismissal and Notice Of Rights.

## IV. CLAIMS FOR RELIEF

## COUNT I: TITLE VII DISCRIMINATION

40. Plaintiff incorporates by reference Paragraphs 1-38 of her Complaint as if fully set forth herein.

41. Plaintiff is a member of a protected class by virtue of her race. *Para. 10.*

42. Plaintiff was qualified for her position. *Para. 11.*

43. Plaintiff suffered the adverse action of termination. *Para. 33.*

44. The initial failure to investigate the complaint of race discrimination by an African American employee provides evidence of discriminatory animus. *Paras. 17-19.*

45. The treatment of similarly-situated non-African American employees of Defendant, versus that of Plaintiff, provides evidence of discriminatory animus. *Paras. 17, 22, 26, 29-30.*

46. Defendant's reason for Plaintiff's termination is illegitimate. *Paras. 31-37.*

## COUNT II: TITLE VII RETALIATION

47. Plaintiff incorporates by reference Paragraphs 1-46 of her Complaint as if fully set forth herein.

48. Plaintiff's complaint of racial discrimination to Dr. Stephen Szabo in June 2020 constitutes a protected activity pursuant to Title VII. *Para. 17.*

49. Plaintiff's complaints of racial discrimination to management, including Ms. Katherine Wright, in June and July 2020, constitute protected activities pursuant to Title VII. *Paras. 20-22*.

50. Plaintiff's complaint of racial discrimination to Mr. Jon Lewin on July 20, 2020, constitutes a protected activity pursuant to Title VII. *Paras. 23-24*.

51. Defendant had knowledge of Plaintiff's protected activities. *Paras. 17, 21, 23-30*.

52. Plaintiff's termination constituted an adverse action under Title VII. *Para 33*.

53. The timing of Plaintiff's protected activities compared to the termination action against her show causation. *Paras. 17-33*.

54. Defendant's legitimate business reason is pretextual. *Paras. 31-37*.

## COUNT III: SECTION 1981 DISCRIMINATION

55. Plaintiff incorporates by reference Paragraphs 1-54 of her Complaint as if fully set forth herein.

56. Plaintiff is a member of a protected class by virtue of her race. *Para. 10*.

57. Plaintiff was qualified for her position. *Para. 11*.

58. Plaintiff suffered the adverse action of termination. *Para. 33*.

59. The initial failure to investigate the complaint of race discrimination by an

African American employee provides evidence of discriminatory animus. *Paras. 17-19.*

60. The treatment of similarly-situated non-African American employees of Defendant, versus that of Plaintiff, provides evidence of discriminatory animus. *Paras. 17, 22, 26, 29-30.*

61. Defendant's reason for Plaintiff's termination is illegitimate. *Paras. 31-37.*

## COUNT IV: SECTION 1981 RETALIATION

62. Plaintiff incorporates by reference Paragraphs 1-61 of her Complaint as if fully set forth herein.

63. Plaintiff's complaint of racial discrimination to Dr. Stephen Szabo in June 2020 constitutes a protected activity under Section 1981. *Para. 17.*

64. Plaintiff's complaints of racial discrimination to management, including Ms. Katherine Wright, in June and July 2020, constitute protected activities under Section 1981. *Paras. 20-22.*

65. Plaintiff's complaint of racial discrimination to Mr. Jon Lewin on July 20, 2020, constitutes a protected activity under Section 1981. *Paras. 23-24.*

66. Defendant had knowledge of Plaintiff's protected activities. *Paras. 17, 21, 23-30.*

67. Plaintiff's termination constituted an adverse action under Section 1981.

*Para. 33.*

68. The timing of Plaintiff's protected activities compared to the termination action against her show causation. *Paras. 17-33.*

69. Defendant's legitimate business reason is pretextual. *Paras. 31-37.*

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

a. Declaratory relief;

b. Actual and compensatory damages in an amount to be determined by the enlightened conscience of a jury;

c. Punitive damages; and

d. Attorney's fees, costs of litigation and any other relief the Court deems just and proper.

Respectfully submitted this 25th day of May, 2022.

                                  THE KIRBY G. SMITH LAW FIRM, LLC

                                  s/Rachel B. Canfield
                                  Rachel B. Canfield
                                  Georgia Bar No. 488716
                                  *Attorney for Plaintiff*

4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
rbc@kirbygsmith.com

## **JURY DEMAND**

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted this 25th day of May, 2022.

                THE KIRBY G. SMITH LAW FIRM, LLC

                s/Rachel B. Canfield
                Rachel B. Canfield
                Georgia Bar No. 488716
                *Attorney for Plaintiff*

4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
rbc@kirbygsmith.com

## **FONT AND POINT CERTIFICATION**

The Undersigned counsel for Plaintiff certifies that the within and foregoing COMPLAINT was prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).

Respectfully submitted this 25th day of May, 2022.

                        THE KIRBY G. SMITH LAW FIRM, LLC

                        s/Rachel B. Canfield
                        Rachel B. Canfield
                        Georgia Bar No. 488716
                        *Attorney for Plaintiff*

4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
rbc@kirbygsmith.com